FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 JUN 14 A 11: 50

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

COREY H. DENNIS,

  Plaintiff,

v.            CIVIL ACTION NO.: CV512-048

JOHNNY PETERSON; STEVEN
STEELER; and BRIGMAN MOORE,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Corey H. Dennis ("Plaintiff"), an inmate currently incarcerated at Macon State Prison in Oglethorpe, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was confined at Ware State Prison. Defendants Johnny Peterson ("Peterson"), Brigman Moore ("Moore"), and Steven Steeler ("Steeler") filed a Motion to Dismiss[1], to which Plaintiff filed an untitled

---

[1] As of the date of Defendants' Motion, Defendant Steeler had not been served with the Complaint. Service has not been made upon Defendant Steeler as of the date of this Order. Defendants' Motion indicates that should Defendant Steeler be served in the future, the Motion would be applicable to him – with the exception of the failure to exhaust argument. (Doc. No. 17, p. 1; Doc. No. 17-1, p. 1). The record reveals Defendant Steeler may no longer be employed by Ware State Prison. It is unclear whether Defendant Steeler remains employed by the Georgia Department of Corrections or if his employment status has affected the statement in Defendants' Motion. This Order shall only pertain to Plaintiff's claims against Defendants Moore and Peterson.

objection. Defendants filed a Reply.[2] For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that Defendants Peterson, Moore, and Steeler were deliberately indifferent to his serious medical needs while he was housed at Ware State Prison. Plaintiff alleges that while he was being escorted to the showers by Defendant Steeler, with his hands cuffed behind his back, he fell and hit his head. Plaintiff avers that he told Defendant Steeler to call medical because he has a history of severe seizures. Plaintiff asserts that Defendant Steeler did not call medical, and instead drug him to the showers where he was left on the floor for over an hour. Plaintiff contends that during this time he had a seizure and "harmed himself." Plaintiff alleges that he told Defendants Moore and Peterson about his medical condition and that he had profiles to prove he should not be housed in top range.[3] Plaintiff contends Defendants Moore and Peterson did nothing upon learning this information and responded with a racial epithet, telling him not to worry about it.

Defendants respond that Plaintiff failed to exhaust his available administrative remedies prior to filing this cause of action. Defendants also assert that Plaintiff's Complaint should be dismissed for failure to state a claim under § 1983 and that

---

[2] During the pendency of the instant Motion, Defendants' Moore and Peterson filed a Motion to Dismiss based on want of prosecution pursuant to Fed. R. Civ. P. 41(b). (Doc. No. 26). This Motion was based on Plaintiff's apparent failure to inform the Court of his change of address. Upon review of the record, Plaintiff's Georgia Department of Correction inmate number was incorrect, causing his mail to be returned as undeliverable. Plaintiff has since updated the Court with his current address. Therefore, Defendants' Motion (Doc. No. 26) should be **denied**.

[3] The timing of this conversation is unknown as Plaintiff makes no specific allegation regarding when he told Defendants Moore and Peterson of his condition.

AO 72A
(Rev. 8/82)

Plaintiff is not entitled to the relief requested. In addition, Defendants assert they are entitled to qualified immunity and may not be sued in their official capacities.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants assert that although Plaintiff filed three grievances while housed at Ware State Prison, none of those grievances pertain to the issues set forth in this cause of action. (Doc. No. 17-1, p. 6). Defendant Peterson is mentioned in one of Plaintiff's grievances, but that grievance concerns the length of Plaintiff's showers, not Plaintiff's assignment to top range or his medical issues. Plaintiff asserts in his Complaint that he has filed at least two grievances and that "in my exhaustion of remedies . . . I have been either denied or ignored." (Doc. No. 1, pp. 2, 4).

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under

3

section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

In Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376-77.

AO 72A
(Rev. 8/82)

Standard Operating Procedure ("SOP") IIB05-0001 sets forth the three (3) steps an inmate must complete under the Georgia Department of Corrections' grievance procedure. First, an inmate must file an informal grievance "no later than 10 calendar days from the date" the inmate was aware "of the facts giving rise to the grievance." (Doc. No. 17-3, p.6).[4] An inmate is to be given a written response to his informal grievance within ten (10) calendar days of the counselor's receipt of the inmate's informal grievance. (Id. at p. 7). If the inmate is dissatisfied with the resolution of his informal grievance, he is to file a formal grievance within five (5) days of his receipt of the written resolution of his informal grievance. (Id.). Once an inmate receives the Warden's response to his formal grievance and is dissatisfied with that response, he has five (5) business days to file an appeal with the Commissioner. (Id. at p. 9). The Commissioner's Office has 90 calendar days after receipt of the appeal to respond. (Id. at p. 10). These time limits can be waived for "good cause." (Id. at pp. 8, 10). In addition, an inmate can only set forth one issue per formal grievance. "Any grievance which attempts to address more than one issue or which addresses an issue not identified on the Informal Grievance will be rejected." (Id. at p. 8).

Plaintiff filed two grievances while incarcerated at Ware State Prison that are irrelevant to the allegations contained in his Complaint. In Informal Grievance 101846, dated October 18, 2011, Plaintiff alleges that he needs to be placed in protective custody because "people in my case" have family in Ware State Prison who made threats against Plaintiff. (Doc. No. 32-1, pp. 7-9). As relief, Plaintiff requested transfer from Ware State Prison. (Id.). Plaintiff's grievance and appeals were denied because

---

[4] This SOP was amended with an effective date of December 10, 2012, and inmates are no longer required to file an informal grievance. (SOP IIB05-0001, p. 4) (Dec. 2012). The previous version of this SOP is relevant for this Court's purposes.

Plaintiff would not or could not name any individuals who threatened him. (Id. at pp. 5-10). Plaintiff submitted Informal Grievance 102453 on November 7, 2011. (Id. at p. 3). This grievance alleges that while Plaintiff was in the shower, Defendant Peterson and "Officer Morris kept knocking on the door rushing me out" in contravention of the Ware State Prison rules. (Id.). Plaintiff asserts that under those rules he is entitled to fifteen-minute showers and requested transfer to another facility. (Id.). Plaintiff's grievance was rejected because it was untimely filed. (Id. at p. 2). None of the allegations in either of these grievances pertain to anything mentioned by Plaintiff in his Complaint.

Plaintiff filed one other grievance while housed at Ware State Prison. (Id. at p. 1). Plaintiff filed Informal Grievance 100577 on October 16, 2011. (Doc. No. 32-1, p. 11). The alleged events of Plaintiff's Complaint occurred on October 15, 2011. (Doc. No. 1, p. 3). In this grievance, Plaintiff asserts the allegations contained in the Complaint regarding Defendant Steeler and describes the incident alleged to have occurred in the shower. (Id.). No mention is made of either Defendant Moore or Peterson. (Id.). Nor does this grievance contain any assertions regarding Plaintiff's incorrect placement in top range. (Id.). As relief, Plaintiff requested transfer to a different institution. (Id.). This informal grievance was denied for lack of evidence. (Id. at p. 12). Plaintiff then filed a Formal Grievance reiterating his allegations against Defendant Steeler and requesting transfer. (Id.). The formal grievance was also denied for lack of evidence. (Id. at p. 13). Plaintiff did not appeal the denial of his formal grievance.

Even taking Plaintiff's version of the facts as true, which this Court must do, he did not exhaust his administrative remedies concerning his allegations that Defendants

6

Moore and Peterson were deliberately indifferent to his serious medical needs before he filed this cause of action. Plaintiff provides no argument explaining his failure to submit a grievance asserting that he was improperly housed based on the risks of his medical condition. Plaintiff is clearly well aware of the grievance procedure, as evidenced by the other grievances he has filed. Plaintiff could have filed a grievance concerning his allegations that Defendants Moore and Peterson were deliberately indifferent to his medical condition, but he did not. Plaintiff also could have sought permission to have the time limits applicable to the filing of grievances waived, but he did not do so. Simply put, Plaintiff did not exhaust his available administrate remedies prior to filing this cause of action.

It is unnecessary to address the remaining portions of Defendants' Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's claims against Defendants Moore and Peterson be **DISMISSED**, without prejudice, based on his failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 14th day of June, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE