# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| COREY H. DENNIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV 512-048 |
| | * | |
| JOHNNY PETERSON, | * | |
| BRIGMAN MOORE, and | * | |
| STEVEN STEELER, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court is Plaintiff's Objection to the Magistrate Judge's Report and Recommendation. See Dkt. No. 35. After careful consideration and an independent and *de novo* review of the record, the Court **ADOPTS IN PART** the Magistrate Judge's Report and Recommendation. See Dkt. No. 33. Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (Dkt. No. 35) is **SUSTAINED IN PART**. Dkt. No. 15. Nevertheless, for the reasons stated below, Defendants' Motion to Dismiss is **GRANTED**. Dkt. No. 17.

1

## I. FACTUAL BACKGROUND

This action is predicated on the alleged violation of Plaintiff's Eighth Amendment rights. See Dkt. No. 1. The following factual summary is taken from Plaintiff's Complaint.[1] See id.

Plaintiff alleges that the following events occurred while he was incarcerated at the Ware State Prison in Waycross, Georgia. See id. Defendants were correctional officers at the Ware State Prison during the relevant time period. Id. at 3.

Plaintiff suffers from seizures. Id. Because of his medical condition, Plaintiff's prison profiles indicated that he was not to be housed on the "top range." Id. Contrary to his profiles, Plaintiff was housed on the top range. Id.

As Plaintiff was being escorted from his cell on the top range to the prison showers, he fell and struck his head. Id. Plaintiff immediately notified Officer Steeler that he suffered from seizures and that he needed medical attention. Id. Instead of contacting medical personnel, Officer Steeler drug

---

[1] For purposes of the Motion to Dismiss, the allegations in Plaintiff's Complaint are taken as true. Mohamad v. Palestinian Auth., 132 S. Ct. 1702, 1705 (2012).

2

Plaintiff to the shower. Id. Plaintiff lay on the shower floor for more than an hour. Id. While lying on the shower floor, Plaintiff suffered a seizure and "harmed himself." Id. The Court refers to this single event as the "Shower Incident."

Plaintiff informed Defendants Moore and Peterson of his medical condition and the portion of his profile that indicated that he was not to be housed on the top range. Id. Defendants Moore and Peterson said, "Don't worry about it[.] A lot of niggers have fallen before you and didn't get hurt. Niggers don't feel pain." Id.

## II. PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, brought Eighth Amendment claims against Defendants pursuant to 42 U.S.C. § 1983. See Dkt. No. 1. Liberally construing Plaintiff's Complaint,[2] Plaintiff asserts two (2) claims against Defendants Peterson and Moore (hereinafter "Defendants").[3] First, Plaintiff alleges that

---

[2] Because Plaintiff is proceeding *pro se*, this Court liberally construes his pleadings. See Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam).
[3] The Complaint also brings claims against Officer Steeler. However, as of the date of this Order, Officer Steeler has not been served with process. Consequently, this Order only concerns claims against Defendants Peterson and Moore.

his Eighth Amendment rights were violated during the Shower Incident. See id. at 3. Second, Plaintiff alleges that Defendants violated his constitutional rights by refusing to assist in his transfer from the top range. See id.

Defendants moved to dismiss Plaintiff's Complaint. See Dkt. No. 17. Response and reply were filed. See Dkt. Nos. 28, 29. The Magistrate Judge then reported his recommendation to grant Defendants' motion based on Plaintiff's failure to exhaust his administrative remedies. See Dkt. No. 33. Plaintiff objected to the Report and Recommendation. See Dkt. No. 35. In his objection, Plaintiff provided evidence that he had exhausted his administrative remedies. See id. at 5-6. Defendants responded to Plaintiff's objection and did not dispute the accuracy of Plaintiff's evidence. See Dkt. No. 36

This Court conducted an independent and *de novo* review.

### III. LEGAL STANDARD

In considering a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must "construe[] the complaint in the light most favorable to the plaintiff and accept[] all well-pled facts alleged . . . in the complaint as true." Sinaltrainal v. Coca-

4

Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint need not contain "detailed factual allegations" but must include enough facts to raise a right to relief above the "speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must allege "enough facts to state a claim to relief that is plausible on its face" meaning that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Speaker v. U.S. Dep't of Health & Human Servs., 623 F.3d 1371, 1380 (11th Cir. 2010).

"A complaint is subject to dismissal under Rule 12(b)(6) when its allegations—on their face—show that an affirmative defense bars recovery on the claim." Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (citing Quiller v. Barclays Am./Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984), vacated on petition for reh'g, reinstated by 764 F.2d 1400 (11th Cir. 1985)).

Because Plaintiff is proceeding *pro se*, this Court liberally construes his pleadings. See Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by

5

attorneys and are liberally construed." (citing <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam)) (internal quotation marks omitted)).

**IV. DISCUSSION**

Plaintiff brings claims against Defendants pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff asserts that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. <u>See</u> Dkt. No. 1, at 3-4.

Defendants moved to dismiss Plaintiff's Complaint against them for four (4) principal reasons. First, Defendants contend that Plaintiff failed to exhaust his administrative remedies. <u>See</u> Dkt. No. 17-1, at 3-7. Second, Defendants contend that Plaintiff failed to state a claim under 42 U.S.C. § 1983. <u>See</u> <u>id.</u> at 7-10. Third, Defendants contend that they are entitled to sovereign immunity. <u>See</u> <u>id.</u> at 17-18. Fourth, Defendants contend that they are entitled to qualified immunity. <u>See</u> <u>id.</u> at 15-17. For the reasons stated below, Defendants' motion to dismiss is **GRANTED**.

AO 72A
(Rev. 8/82)

A. <u>Administrative Remedies</u>

Defendants assert that Plaintiff's claims are barred because Plaintiff failed to exhaust his administrative remedies. <u>See</u> <u>id.</u> at 3-7. Plaintiff asserts that he exhausted his administrative remedies. <u>See</u> Dkt. Nos. 1, 35. The Magistrate Judge recommended that Defendants' motion be granted, reasoning that Plaintiff failed to appeal his administrative grievance. <u>See</u> Dkt. No. 33.

In his objection to the Magistrate Judge's recommendation, Plaintiff provided evidence that he did appeal and, thus, exhaust his administrative grievance. <u>See</u> Dkt. No. 35. In light of that evidence, Defendants' Motion to Dismiss Plaintiff's claims for failure to exhaust his administrative remedies is **GRANTED IN PART** and **DENIED IN PART**.

1. Legal Standard

Plaintiff's claims arose while he was incarcerated. While he remains incarcerated,[4] the Prison Litigation Reform Act

---

[4] Plaintiff is a "prisoner" within the statutory definition provided in the PLRA. <u>See</u> 42 U.S.C. § 1997e(h) ("As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for,

7

("PLRA"), 42 U.S.C. § 1997e, prevents Plaintiff from bringing suit in federal court unless and until he exhausts his administrative remedies. See 42 U.S.C. § 1997e(a) (stating that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); Porter v. Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences."). Thus, exhaustion of Plaintiff's administrative grievance was a mandatory precondition of filing suit in federal court. See Leal v. Ga. Dept. of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001) ("[T]he plain language of th[e] statute makes exhaustion a precondition to filing an action in federal court." (citation omitted)); Priester v. Rich, 457 F. Supp. 2d 1369, 1373 (S.D. Ga. 2006), aff'd sub nom., Bryant v. Rich, 530 F.3d 1368 (11th Cir. 2008) ("Administrative grievance procedures must be exhausted prior to suit.").

---

violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."). Therefore, the PLRA applies to this case.

"There is a two-step process for determining whether an inmate has exhausted his administrative remedies." Palmore v. Tucker, No. 12-11338, 2013 WL 3214689, at *2 (11th Cir. June 26, 2013) (per curiam). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Id. (quoting Turner v. Burnside, 541 F.3d 1077, 1084 (11th Cir. 2008)). "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. (quoting Turner, 541 F.3d at 1082). "If the complaint is not dismissed at the first stage, the court moves on to the second step, which requires it 'to make specific findings in order to resolve the disputed factual issues related to exhaustion.'" Id. (quoting Turner, 541 F.3d at 1082).

2. Application

The parties disagree as to whether Plaintiff exhausted his administrative remedies on each of his claims against Defendants. Plaintiff asserts that he exhausted his administrative remedies. See, e.g., Dkt. Nos. 1, at 2, 4; 35, at 3, 5-6. By contrast, Defendants assert that Plaintiff never

grieved his housing assignment on the top range and never grieved Defendants' participation in the Shower Incident. See Dkt. Nos. 17-1, at 6-7; 36, at 3.

Given this conflict, the Court is required—at this step in the exhaustion analysis—to take Plaintiff's version of events as true. See Turner, 541 F.3d at 1082. In so doing, part of Plaintiff's Complaint must be dismissed for failure to exhaust his administrative remedies. Specifically, Plaintiff failed to exhaust his administrative remedies regarding Defendants' alleged participation in the Shower Incident. Plaintiff directs the Court to his grievance. That grievance alleges that Officer Steeler was involved in the Shower Incident. However, the grievance fails to allege that Defendants were involved in the Shower Incident in any way. Thus, even viewing the facts in Plaintiff's favor, Plaintiff failed to exhaust his administrative remedies with respect to Defendants' alleged involvement in the Shower Incident. Consequently, Plaintiff's claims related to Defendants' involvement in the Shower Incident are **DISMISSED**.

However, taking Plaintiff's version of events as true, Defendant is not entitled to have the housing allegation dismissed for failure to exhaust administrative remedies.

10

Thus, with respect to that claim, the Court proceeds to the second step in its exhaustion analysis. See Turner, 541 F.3d at 1082. In so doing, the Court makes the following findings of fact:

- Due to his medical condition, Plaintiff was not supposed to be housed on the top range. See Dkt. No. 1, 3; see also Dkt. No. 28, at 2.

- Plaintiff grieved his housing assignment on the top range. See Dkt. No. 35, at 6. Plaintiff's grievance included an informal grievance, formal grievance, and appeal. See Dkt. No. 17-2, ¶ 17

- Plaintiff's grievance alleged that Ware State Prison staff was aware of his medical condition. See Dkt. No. 35, at 6 (alleging that Plaintiff was "not [supposed] to be housed on the top range because [he has] seizures" and alleging that "the staff" at Ware State Prison was aware of his medical condition). By extension, Plaintiff's grievance alleged that Defendants were aware of his medical condition and his need for a housing assignment on the bottom range.

- Plaintiff's grievance met the requirements for grievances at Georgia Department of Corrections

11

prisons, including Ware State Prison. Plaintiff's informal grievance, formal grievance, and appeal were timely. See Dkt. No. 35; see also Dkt. No. 17-2, ¶ 17.

- Plaintiff's grievance was denied at every stage of the administrative process. See Dkt. Nos. 1; 35, at 3, 5-6; 17-2, ¶ 17; 17-5; see also Dkt. No. 36, at 3 (conceding that the appeal was denied).

- Plaintiff exhausted his administrative remedies with respect to his being inappropriately housed on the "top range."

Because Plaintiff exhausted his administrative remedies with respect to his being inappropriately housed on the top range, Defendants' motion to dismiss that claim for failure to exhaust administrative remedies is **DENIED**.

B. Substantive Constitutional Violation

Plaintiff asserts that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. See Dkt. No. 1, at 3-4. Defendants contend that Plaintiff failed to state a claim under 42 U.S.C. § 1983.

12

See Dkt. No. 17-1, at 7-10. The Magistrate Judge did not reach this portion of Defendants' argument. See Dkt. No. 33. For the reasons stated below, Defendants' Motion to Dismiss Plaintiff's claim that he was inappropriately housed on the top range is **GRANTED**.

1. Legal Standard

Deliberate indifference to a prisoner's serious medical needs is a violation of the prisoner's Eighth Amendment rights. See Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007). To prove deliberate indifference, a plaintiff must show three (3) things. First, he must show that the prisoner had a serious medical need. Id. (citing Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005) (per curiam)). This is an objective inquiry. Id. Second, he must show that the defendant acted with deliberate indifference to the prisoner's serious medical need. Id. (citing Bozeman, 422 F.3d at 1272). This is a subjective inquiry. Id. Third, the plaintiff must show that the defendant's wrongful conduct caused the prisoner's injury. Id. (citing Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995)).

2. Application

Even assuming that Plaintiff had a serious medical need and that Defendants acted with deliberate indifference to that need, Plaintiff failed to allege a causal link between his medical need and Defendants' alleged actions. Unlike Plaintiff's allegation that Officer Steeler's conduct resulted in harm, Plaintiff failed to allege that Defendants' conduct caused him harm. At most, Plaintiff alleged that Defendants failed to respond to his need to be housed on the bottom range. However, Plaintiff did not allege that he was harmed after he made Defendants aware of his medical need. Nor does Plaintiff allege that any prior injury was exacerbated by his continued presence on the top range. Because there is no basis from which the Court can infer a causal connection between Defendants' allegedly wrongful conduct and Plaintiff's injuries, Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983. Consequently, Defendants' motion to dismiss Plaintiff's claim related to his placement on the top range is **GRANTED**.[5]

---

[5] Accordingly, the Court does not reach Defendants' alternative arguments related to sovereign immunity and qualified immunity. See Dkt. No. 17-1, at 15-18.

AO 72A
(Rev. 8/82)

## V. CONCLUSION

The Court concurs with the Magistrate Judge that Plaintiff did not exhaust his administrative remedies with respect to his claim that Defendants Peterson and Moore allegedly failed to assist Plaintiff in the shower. However, the Court finds that Plaintiff exhausted his administrative remedies with respect to his claim that he should not be housed on the "top range." Consequently, Plaintiff's objection to that portion of the Magistrate Judge's Report and Recommendation is **SUSTAINED**. Dkt. No. 35. Nevertheless, Plaintiff's Complaint fails to state a claim for relief under 42 U.S.C. § 1983 with respect to his allegation that he was inappropriately housed on the top range.

Accordingly, Defendants' Motion to Dismiss Plaintiff's claims is **GRANTED**. Dkt. No. 17. The Clerk of Court is instructed to dismiss all claims against Defendants Peterson and Moore.

**SO ORDERED**, this 26th day of July, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

15