IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| COREY H. DENNIS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: CV512-048 |
| | : | |
| STEPHEN STEELE, | : | |
| Defendant. | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Macon State Prison in Oglethorpe, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Ware State Prison in Waycross, Georgia. Plaintiff filed a Motion for Summary Judgment, and Defendant Steele ("Defendant") filed a Response. Defendant also filed a Motion for Summary Judgment. Plaintiff filed a Motion Requesting to Withdraw the Plaintiff's Request for a Judgment, which the undersigned construed as Plaintiff's Response to Defendant's Motion. Defendant filed a Reply. For the reasons which follow, Plaintiff's Motion should be **DENIED**, and Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff alleges that while Defendant escorted him to the showers, his hands were cuffed behind his back, and he fell going down the stairs and hit his head. Plaintiff avers that he told Defendant to call medical because he has a history of severe

seizures. Plaintiff asserts that Defendant did not call medical and dragged Plaintiff to the showers where he was left on the floor for over an hour. Plaintiff contends that, during this time, he had a seizure and harmed himself. Plaintiff also contends that Defendant placed him back into his cell, even though Plaintiff informed Defendant that he needed to go to medical.

Defendant contends that Plaintiff fails to show that he was deliberately indifferent to Plaintiff's serious medical needs. Defendant asserts that Plaintiff's claims against him in his official capacity should be dismissed. Defendant also asserts that Plaintiff cannot recover monetary damages because he suffered no physical injury. Defendant further asserts that he is entitled to qualified immunity.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp.2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003).

2

AO 72A
(Rev. 8/82)

Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

### I.   Official Capacity Claims

Defendant asserts that, to the extent Plaintiff seeks monetary damages against him in his official capacity, such claims are barred by the Eleventh Amendment. A lawsuit against a correctional officer in his official capacity is no different from a suit against the government itself; such a defendant is immune. Smith v. Fla. Dep't of Corr., 318 F. App'x 726, 728 (11th Cir. 2008) (citing Powell v. Barrett, 496 F.3d 1288, 1308 & n.27 (11th Cir. 2007)). This portion of Defendant's Motion should be **granted**. Plaintiff's monetary damages claims against Defendant in his official capacity should be **dismissed**.

AO 72A
(Rev. 8/82)

## II.    Deliberate Indifference Claim

Defendant admits that Plaintiff's epilepsy can be an objectively serious medical need.    However, Defendant asserts, Plaintiff cannot prevail on his deliberate indifference claim.  Defendant alleges that the evidence before the Court establishes no more than Plaintiff told Defendant he has epilepsy and asked him to take him to medical.  Defendant avers that Plaintiff did not advise him that he felt like he was going to have a seizure or that he told Defendant he had had a seizure.  Defendant contends that, even after Plaintiff had a seizure, he did nothing more than request to go to medical.  Defendant also contends that Plaintiff's medical records demonstrate that Plaintiff suffered no detriment as a result of Defendant's alleged deliberate indifference. Defendant notes that Plaintiff was examined approximately one (1) month before and two (2) months after this alleged incident, and his epilepsy condition was found to be "unchanged".  (Doc. No. 64-6, p. 9).  Defendant also notes that Plaintiff's medical records reveal that Plaintiff had a seizure several years before his sentence began and has had only one (1) seizure since the date of the incident.  Defendant asserts that the medical evidence also demonstrates that Plaintiff was seen by Nurse Kirkland the morning after this incident, and this examination revealed no injuries to Plaintiff's head or body.

Plaintiff asserts that Defendant "admits that [Plaintiff] suffered a seizure attack while in his care, [and Defendant] is unclear if he called medical for aid for [Plaintiff]." (Doc. No. 70, p. 2).  Plaintiff contends that he should have received medical attention during and immediately following his seizure.  Plaintiff alleges that these "facts" would allow a reasonable jury to conclude that Defendant's failure to act resulted in a violation

4

of Plaintiff's Eighth Amendment rights. (Id.). Plaintiff also alleges that his medication dosage was increased.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon a prison official to take reasonable measures to guarantee the safety of inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard

5

an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

Contrary to Plaintiff's assertion, Defendant did not admit that Plaintiff had a seizure while under his care. Rather, Defendant admits that epilepsy can be an objectively serious medical need. (Doc. No. 64-6, p. 8). However, having an objectively serious medical need is only one of the prongs of the deliberate indifference criteria, and Plaintiff cannot overcome his burden of establishing genuine disputes as to facts material to the other prongs of these criteria.

The undersigned views the evidence in the light most favorable to Plaintiff, as required in determining the issues in Defendant's motion for summary judgment. The evidence before the Court reveals that Defendant was escorting Plaintiff to the shower when Plaintiff fell down the stairs and hit his head on the concrete. (Doc. No. 64-1, p. 45). As a result of the fall, Plaintiff received a bump on his head which was a little larger than the size of a golf ball and remained for about a week to a week and a half. (Id. at p. 65). Plaintiff asked Defendant to call medical, and Plaintiff told Defendant five (5) times that he is an epileptic. (Id. at p. 45). Defendant took Plaintiff to the shower, where he stayed for over an hour and where he had a seizure. (Id.). Plaintiff asked Defendant if he could go to the nurse, and Defendant placed Plaintiff back into his cell. Plaintiff was seen in medical the next morning after a shift change. (Id. at p. 62).

At best, the evidence reveals that Defendant knew Plaintiff received a bump on his head due to his fall down the stairs and that Plaintiff has epilepsy. However, a bump

AO 72A
(Rev. 8/82)

on the head is not an objectively serious medical need. See Burnette v. Taylor, 533 F.3d 1325, 1330 (11th Cir. 2008) (a "serious medical need" is a need "that is diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the need for medical treatment."); see also, Price v. Stewart, No. 3:12-cv-49, 2014 WL 1158870, at *7 (M.D. Ga. Mar. 21, 2014) (determining that a small knot in the plaintiff's head and minors scrapes and bruises were not serious medical needs). There is no evidence before the Court which indicates that Plaintiff's fall down the stairs was related to his epilepsy or that he was having a seizure when he fell. In addition, there is no evidence that Defendant knew that Plaintiff had had a seizure while he was in the shower or at any other time. (Doc. No. 64-5, p. 3). In short, Plaintiff has not established that any injury he received was the result of Defendant's conduct.

The undersigned notes Plaintiff's bare assertion that his medication level was increased after this incident, which he contends shows that he suffered more than a de minimis injury. According to Dr. Chiquita Fye, the medical director at Macon State Prison, Plaintiff was seen by a nurse at Georgia Diagnostic and Classification Prison on August 23, 2011. Plaintiff reported having had a seizure three (3) years prior to this visit. (Doc. No. 64-4, p. 4). Dr. Fye declares that Plaintiff was evaluated at Ware State Prison's seizure clinic on September 22, 2011, and this evaluation revealed that "the serum drug level of Dilantin was low, and the tests were scheduled to be repeated in 90 days." (Id.). Plaintiff was examined the morning after the alleged incident of October 15, 2011, and the nurse found no evidence of trauma or bumps or bruises. (Id. at p. 5). Plaintiff was seen again at Ware State Prison on December 15, 2011, which was two (2) months after this alleged incident, and he had had only one (1) seizure since his last

AO 72A
(Rev. 8/82)

visit with the seizure clinic. (Id.). Plaintiff had a fair "degree of disease control", and "the status of his disease was unchanged." (Id.). Since this visit until July 31, 2014 (the date Dr. Fye signed her affidavit), Plaintiff has had one (1) documented seizure. (Id. at p. 6). There is no objective evidence before the Court which shows that Plaintiff's medication levels were increased after this incident on October 15, 2011, or that this purported medication level increase was related to this incident.

To the extent Plaintiff contends that the delay in receiving medical treatment caused this alleged increase in his medication level, Plaintiff has failed to meet his burden. In determining whether a delay in treatment rises to the level of deliberate indifference, relevant factors include: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Goebert, 510 F.3d at 1327. The question of whether a delay in receiving treatment worsened an individual's condition overlaps with the causation inquiry. Id. at 1329. To survive summary judgment, a plaintiff must show that the delay attributable to the defendant's indifference likely caused the plaintiff's injury. Id. "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." McDaniels v. Lee, 405 F. App'x 456, 458–59 (11th Cir. 2010). Plaintiff has presented no verifiable medical evidence which indicates that any delay in receiving medical attention after the incident at issue had a detrimental effect on his seizure disorder.

It is unnecessary to address the remaining portions of Defendant's Motion for Summary Judgment.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion for Summary Judgment be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Motion for Summary Judgment be **DENIED**. Plaintiff's Complaint should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 29th day of September, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)